IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re:<br><br>EXPERIAN INFORMATION SOLUTIONS<br>CREDIT REPORTING LITIGATION.<br><br>─────────────────────────────────────/ | No. C 16-05674 WHA<br>No. C 16-05676 WHA<br>No. C 16-05679 WHA<br>No. C 16-05694 WHA<br>No. C 16-05701 WHA<br>No. C 16-05704 WHA<br>No. C 16-06315 WHA<br>No. C 16-06335 WHA<br>No. C 16-06363 WHA<br>No. C 16-06372 WHA |

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS
(IN ALL OF THE ABOVE-LISTED CASES)**

This order holds that under the Fair Credit Reporting Act, 15 U.S.C. 1681 et seq., a report of a debt may be stated at the full unpaid balance even if the debt is subject to a confirmed Chapter 13 plan wherein the debt will be discharged if and when a specified lesser amount is paid. Under the Bankruptcy Act, the full debt remains undischarged until, if ever, the specified amount is actually paid. So it remains correct to inform the world at large via the credit report of the full unpaid balance. Since the risk persists that the debtor will fail to pay under the Chapter 13 plan, it would be misleading to future creditors to report, as plaintiffs' counsel insists in all of these cases, the lesser amount. That would be getting the cart before the horse. *First*, the debtor must perform as specified under the plan, then get a discharge. At that point, the debt will go to zero.

1	Although our court of appeals has not yet ruled on the issue, every single district judge
2	who has ruled has held as above. This order adopts this reasoning, including at least two cases
3	rejecting plaintiffs' main decision *In re Luedtke*, No. 2-3582-SVK, 2008 WL 295253
4	(Bankr. E.D. Wis. July 31, 2008). *See, e.g.*, *Newkirk v. Experian Info. Sols., Inc. et al.*,
5	No. 4:16-CV-05691-SBA, 2017 WL 1078653 (N.D. Cal. Mar. 13, 2017) (Judge Saundra
6	Armstrong); *Mamisay v. Experian Info. Sols., Inc.*, No. 16-CV-5684-YGR, 2017 WL 106517
7	(N.D. Cal. Mar. 21, 217) (Judge Yvonne Rogers) (rejecting *In re Luedtke*); *Smith v. Experian
8	Info. Sols., Inc.*, No. 16-CV-4653-BLF, 2017 WL 1092377 (N.D. Cal. Mar. 23, 2017)
9	(Judge Beth Freeman) (rejecting *In re Luedtke*); *Polvorosa v. Allied Collection Serv., Inc.*,
10	No. 2:16-CV-1508 JCM (CWH), 2017 WL 29331 (D. Nev. Jan. 3, 2017).

11	At oral argument, plaintiffs' counsel offered a fall-back position, namely that they would
12	accept reporting the full unpaid debt so long as the line item also noted that it remained subject
13	to a confirmed Chapter 13 plan. In fact, it appears that some creditors do just that. Yes, this
14	would put more accurate information in the report and Congress ought to consider an
15	amendment to require such notations. But credit reports also include a clear-cut statement up
16	front that the debtor is in bankruptcy proceedings, so it takes very little imagination for the
17	reader to realize that there may be a plan in place that might lead to a full discharge. At all
18	events, the fact remains that the full amount is the actual truthful amount of the debt so long as
19	the plan, even if confirmed, remains uncompleted, so there is no basis for insisting as a matter of
20	law that such a notation accompany each line item.

21	This order makes the same ruling as to the California state law. Cal. Civ. Code § 17825.

22	Therefore, this entire action is hereby dismissed. If plaintiffs' counsel wish to amend to
23	make some other claim for relief, such as the wrong dollar amount that accidentally got into the
24	report, then they may file a new amended complaint as to such other claim — but counsel's main
25	point about the effect of a confirmed plan is wrong and may not be recycled into a new pleading.

The deadline for any new pleading in all these cases is **APRIL 11, 2017, AT NOON**, failing which judgment will be entered.

**IT IS SO ORDERED.**

Dated: March 28, 2017.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE